Filed 4/16/21  P. v. Hansen CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080006 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR-19-005448) |
| RAYMOND HANSEN, JR., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy Ashley, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance A. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P.J., Franson, J. and Peña, J.

**INTRODUCTION**

Defendant Raymond Hansen, Jr., entered into a negotiated plea agreement in which he pled no contest to felony hit and run with injury (Veh. Code, § 20001, subd. (a); count I) and admitted a prior prison term enhancement (Pen. Code, § 667.5, former subd. (b)). (Undesignated statutory references are to the Penal Code.) Pursuant to the agreement, the court sentenced defendant to a stipulated term of four years plus a consecutive one-year term for the prior prison term enhancement, for a total term of five years. After defendant was sentenced, the Legislature enacted Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), which provides a prior prison term enhancement will only apply if a defendant served the prior prison term for a qualifying "sexually violent offense" as that phrase is defined in Welfare and Institutions Code section 6600, subdivision (b).

On appeal, defendant asks us to apply Senate Bill 136 retroactively and strike his prior prison term enhancement. The People agree defendant's prior prison term enhancement should be stricken pursuant to Senate Bill 136 and they assert, because defendant received the maximum possible sentence for his conviction and he admitted no enhancements other than the now-invalid prison prior, remand is not necessary for resentencing.

We agree the prior prison term enhancement is no longer authorized and must be stricken but conclude remand is necessary for further proceedings consistent with this opinion and *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).

**FACTUAL BACKGROUND**

Defendant was charged with felony hit and run with injury in violation of Vehicle Code section 20001, subdivision (a) (count I), three serious felony strike priors pursuant to section 667, subdivision (d), and a one-year prison prior enhancement under section 667.5, former subdivision (b). He was also charged with misdemeanor manslaughter in violation of section 192, subdivision (c)(2) in count II.

2.

On June 20, 2019, defendant entered a negotiated plea agreement in which he pled no contest to felony hit and run with injury in violation of Vehicle Code section 20001, subdivision (a) (count I) with the understanding his section 667, subdivision (d) strike priors would be stricken. He also admitted the section 667.5, former subdivision (b) prior prison term enhancement. As part of the stipulated plea agreement, the People dismissed count II for misdemeanor vehicular manslaughter in violation of section 192, subdivision (c)(2), and defendant was sentenced to the Department of Corrections and Rehabilitation for a term of four years on count I plus an additional consecutive one-year term for the prior prison term enhancement, for a total of five years' imprisonment.

## DISCUSSION

In his sole issue on appeal, defendant argues the prior prison term enhancement imposed pursuant to section 667.5, former subdivision (b) must be stricken in light of Senate Bill 136, which was signed into law on October 8, 2019, and became effective on January 1, 2020. He argues if we determine striking the one-year enhancement would invalidate the plea, the matter should be remanded to allow the court to fashion a resentence in accordance with applicable statutes and rules, provided the aggregate term does not exceed the stipulated sentence. Relatedly, he asserts our court has jurisdiction to alter the terms of a negotiated plea bargain when an ameliorative statute is enacted, particularly where, as here, a defendant's sentence includes an enhancement that is no longer authorized. He asserts the issue can be raised on appeal without a certificate of probable cause but, regardless, he sought and the court granted a certificate of probable cause. The People concede Senate Bill 136 applies retroactively to this case and the prison prior enhancements should be stricken. (See *In re Estrada* (1965) 63 Cal.2d 740, 742.) They also assert, because defendant received the maximum possible sentence for his conviction and he admitted no enhancements other than the now-invalid prison prior, remand was not necessary for resentencing.

At the time defendant was charged, convicted, and sentenced, section 667.5, former subdivision (b) provided, in part:

> "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony …."

After defendant was sentenced, but while his case was still pending on appeal, the Legislature enacted Senate Bill 136 (Stats. 2019, ch. 590, § 1). Effective January 1, 2020, section 667.5, subdivision (b) now provides, in pertinent part:

> "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code …."

In other words, a prior prison term enhancement will now only apply if a defendant served the prior prison term for a qualifying "sexually violent offense." The Legislature did not expressly declare or in any way indicate it did not intend Senate Bill 136 to apply retroactively. "When an amendatory statute … lessens the punishment for a crime …, it is reasonable for courts to infer, absent evidence to the contrary and as a matter of statutory construction, that the Legislature intended the amendatory statute to retroactively apply to the fullest extent constitutionally permissible—that is, to all cases not final when the statute becomes effective. [Citations.]" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972.) Thus, we conclude, and the parties agree, Senate Bill 136 applies retroactively to this case and, because defendant's prior prison term was not served for a sexually violent offense as that phrase is defined in Welfare and Institutions Code section 6600, subdivision (b), the related enhancement imposed pursuant to section 667.5, former subdivision (b) has been rendered invalid and must be stricken. (See *People v.*

4.

*Hernandez* (2020) 55 Cal.App.5th 942, 956–957, review granted Jan. 27, 2021, S265739 (*Hernandez*); accord, *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159.)

We next consider the appropriate remedy. After briefing in this case was completed, the California Supreme Court issued its ruling in *Stamps*, *supra*, 9 Cal.5th 685, which considered the impact of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393)—allowing a trial court to strike a serious felony enhancement pursuant to section 667, subdivision (a)—on sentences not yet final on appeal that were imposed pursuant to plea agreements. (*Stamps*, at pp. 700–708.) The *Stamps* court analyzed Senate Bill 1393's legislative history and concluded it did "*not* demonstrate any intent to overturn existing law regarding a court's lack of authority to unilaterally modify a plea agreement" or "to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Id.* at pp. 702, 704.) Accordingly, *Stamps* held a defendant who entered into a negotiated plea agreement can seek the court's exercise of its discretion pursuant to Senate Bill 1393's amendments to sections 667, subdivision (a), and 1385. (*Stamps*, at p. 706.) If the court exercises its discretion to dismiss a prior serious felony enhancement, the prosecution may agree to modify the plea bargain to reflect the downward departure in the sentence such exercise would entail. (*Id.* at p. 707.) However, "[b]arring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement ….' [Citation.]" (*Ibid.*) Additionally, the court may withdraw its prior approval of the plea agreement. (*Id.* at p. 708.)

In *Hernandez*, *supra*, 55 Cal.App.5th 942, our court held that, like Senate Bill 1393, Senate Bill 136's legislative history also reveals no intent by the Legislature to permit the trial court to unilaterally modify a plea agreement once a prior prison term enhancement is stricken. (*Hernandez*, *supra*, at p. 958, review granted; accord, *Stamps*, *supra*, 9 Cal.5th at pp. 702, 704; *People v. Barton*, *supra*, 52 Cal.App.5th at pp. 1156–1157, 1159.) Accordingly, when a prior prison term enhancement is no longer authorized

pursuant to Senate Bill 136, but it was part of a negotiated plea agreement, the trial court must dismiss the enhancement. (*Hernandez*, *supra*, at p. 958.) However, the trial court cannot unilaterally modify the plea agreement by keeping the remainder of the bargain intact. (*Id.* pp. 958–959.) Rather, once the trial court dismisses the prior prison term enhancement, the People may then either agree to modify the bargain to reflect the downward departure in the sentence or choose to withdraw from the original plea agreement. (*Id.* at pp. 958–960.) Additionally, the court may withdraw its prior approval of the plea agreement. (*Id.* at p. 960.)

Although we recognize review has been granted, we see no reason to depart from our analysis and conclusion in *Hernandez*. Thus, while we agree defendant's prior prison term enhancement is now unauthorized and must be stricken, we conclude remand is appropriate. "[O]n remand, the trial court must dismiss the prior prison term enhancement[]. '[T]he prosecution may … agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, "the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement …." [Citation.] [¶] Further, the court may withdraw its prior approval of the plea agreement.'" (*Hernandez*, *supra*, 55 Cal.App.5th at p. 960, review granted; accord, *Stamps*, *supra*, 9 Cal.5th at pp. 707–708.) The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges. (*People v. Barton*, *supra*, 52 Cal.App.5th at p. 1159.)

## DISPOSITION

The judgment is reversed and remanded to the superior court with directions to strike defendant's admission and the consecutive one-year term imposed for the section 667.5, former subdivision (b) prior prison term enhancement, and for further proceedings consistent with *Stamps*, *supra*, 9 Cal.5th 685.